UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ANTONIO DOUGHTY,

    Plaintiff,

    v.                                   CAUSE NO. 1:20-CV-435-WCL-SLC

DAVID GLADIEUX, et al.,

    Defendants.

## OPINION AND ORDER

Antonio Doughty, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The central issue in the complaint is Doughty's termination from his position as a trustee in the Allen County Jail. Officer Chadwell made the decision to fire him, ostensibly because Doughty was not doing his job over the Friday and Saturday that Chadwell observed him. ECF 1 at 6; ECF 1-1 at 2. But Doughty denies this accusation and contends Chadwell terminated him based on his race and religion, and in retaliation for a grievance he filed against him.

Regarding his race, Doughty asserts that he, a black trustee, was disciplined differently than white trustees were. Doughty claims that he was fired without being given a warning, though it is typical to receive a warning before being fired. ECF 1 at 6-7. Moreover, Doughty says that the two white trustees who had the job after he was fired got in trouble for covering their light. They were written up and received a 48-hour lock down as punishment, yet were allowed to keep their jobs. *Id.* at 8. Moreover, two white trustees were caught smoking and with contraband and were taken to the hole, yet one of them was allowed to continue as trustee. *Id.* at 9.

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . .." *Id*. at 719–20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)); *see also David K. v. Lane*, 839 F.2d 1265, 1271–72 (7th Cir. 1988) (collecting cases and noting discrimination must be intentional, purposeful, or have a discriminatory motive). Thus, Doughty must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Id*. Here, Doughty alleges that he was treated more harshly than white trustees who committed worse offenses. Doughty may proceed on an equal protection claim against Chadwell.

Doughty contends that Chadwell singled him out for unfair treatment in retaliation for a grievance he filed against him. Doughty alleges that he filed the grievance on September 20, 2020, but Chadwell did not work on his block again until October 23, 2020. ECF 1 at 3. Starting that day, Chadwell started harassing him by not believing he was a trustee, falsely accusing him of smoking, and withholding a spoon from him at dinner—all culminating in the termination. *Id.* at 4-6.

To state a First Amendment retaliation claim, Doughty must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). "A prisoner has a First Amendment right to make grievances about conditions of confinement." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). The events leading up to the termination would probably not be a sufficient deprivation. But with the termination, Doughty has plausibly alleged a sufficient deprivation. Although he had no right to a job at the jail, *see DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated in part on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020), being fired for filing a grievance could "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Doughty will be permitted to proceed on a retaliation claim against Chadwell.

However, Doughty does not state a claim based on his religion. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Though, restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). In addition, The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, provides broader protection than the First Amendment for religious practices. *See Holt v. Hobbs*, 574 U.S. 352, 356 (2015). However, it is not reasonable to infer that Doughty was fired for practicing his religion.

Doughty is Moslem and his faith requires that he observe the Sabbath on Saturday evening. ECF 1 at 7. Because of this, he says he had an arrangement with the other trustee that he would help with all the cleaning except for Saturday evenings when he was observing the Sabbath. *Id.* The complaint alleges that Chadwell first began observing Doughty on Friday, October 23, 2020, and continued through Saturday. Doughty was notified of the termination at 5:15 p.m. on that Saturday, which would be before or contemporaneous with his observance of the Sabbath. It is not reasonable to infer that Doughty's observance of the Sabbath played a role in Chadwell's decision to terminate him.

Doughty also names Butler, a jail commander, as a defendant. It appears from the complaint that Butler processed a grievance Doughty filed about his termination and was involved in the discipline for one of the violations by Doughty's successor

4

trustees. ECF 1 at 8; ECF 1-1 at 7. Neither situation provides a basis for liability. Inmates have no general right to have constitutional violations investigated after the fact. *Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016). A lawsuit against an individual under § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). At the time of an investigation, the alleged violation has already occurred. "[T]he alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). And Butler's involvement in later discipline decisions does not give him personal involvement in Chadwell's earlier allegedly discriminatory action.

Doughty also names as a defendant David Gladieux, the Allen County Sheriff. Gladieux is not mentioned in the body of the complaint, so it appears that Doughty is suing him based on his supervisory role over the jail. The requirement for personal involvement, *see Palmer*, 327 F.3d at 594, means Gladieux must be dismissed as well. Defendants cannot be held liable simply because they oversee operations at the prison or supervise prison officers. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

For these reasons, the court:

(1) GRANTS Antonio Doughty leave to proceed against Chadwell in his individual capacity for compensatory and punitive damages for terminating him from his trustee position on October 24, 2020, because of his race in violation of the Fourteenth Amendment;

5

(2) GRANTS Antonio Doughty leave to proceed against Chadwell in his individual capacity for compensatory and punitive damages for terminating him from his trustee position on October 24, 2020, in retaliation for filing a grievance in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES David Gladieux and Butler;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Chadwell at the Allen County Jail, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Chadwell to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 12, 2021.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT